**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James and Jane Anderson, et al., | No. CV-13-08017-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Everest National Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Defendant Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company's Motion to Dismiss Plaintiffs' Complaint (Doc. 24). The Court now rules on the motion.

**I.    Background**

Plaintiffs filed this declaratory judgment action against Defendants, who are commercial insurers, to determine whether Defendants are obligated to indemnify their insureds against Plaintiffs' judgment for construction defects. (Doc. 1 at 5, 10).

Empire Residential Construction, LP and Empire Residential Sales, LLC (collectively, "Empire") constructed the Mountain Gate subdivision, in which Plaintiffs purchased homes, before filing a petition for bankruptcy in 2008. (*Id.* at 4-5). Plaintiffs wished to sue Empire for construction defects in their homes and entered into a stipulation with the bankruptcy trustee that permitted Plaintiffs:

> (i) to prosecute the Action in non-bankruptcy forum for the purpose of determining [Empire's] liability on the Action, (ii) to compromise and settle the amount of such liability with any insurance carrier(s) that has (have) insured [Empire] in respect to such Action, and (iii) to recover in respect to such

liability (whether adjudicated or compromised) any amounts available under those insurance policies, if any.

(Doc. 1-1 at 9). An arbitrator awarded Plaintiffs $1,140,996.72 against Empire in damages. (*Id.* at 51, 56). After obtaining judgments against Empire, (*id.* at 2, 4), Plaintiffs filed this action seeking a declaration that Defendants are obligated to indemnify Empire against the judgments. (Doc. 1 at 9).

Defendant Chartis Specialty Insurance Company ("Chartis") now moves to dismiss Plaintiffs' claims for lack of standing. (Doc. 24). Chartis issued a commercial umbrella liability policy to Empire for the period of June 1, 2004 to June 1, 2007. (Doc. 1 at 8).

## II.   Legal Standard

### A.   Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to state a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

But although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Id.* This requires more than merely "a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at

557) (internal quotation marks omitted).

In reviewing a complaint for failure to state a claim, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the Court does not have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* The Court may also consider exhibits to the complaint as true for the purposes of deciding the motion, if those exhibits are necessary to the complaint and their authenticity is undisputed. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

### B. Standing

The Declaratory Judgment Act ("Act") permits a federal court to "declare the rights and other legal relations of any interested party seeking such declaration" in cases "of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The Act "is not an independent jurisdictional basis for suits in federal courts," but is merely a remedy. *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). It is procedural, not substantive, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950), and therefore applies in diversity cases. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To obtain relief under the Act, the plaintiff must establish the existence of an Article III case or controversy between the parties. *See Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981). This requires a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Nat'l Basketball Ass'n v. SDC Basketball Club, Inc.*, 815 F.2d 562, 565 (9th Cir. 1987).

"Arizona follows the general rule that, in the absence of a contractual or statutory provision to the contrary, 'an injured person has no direct cause of action against a tortfeasor's insurance company.'" *Maricopa Cnty. v. Barfield*, 75 P.3d 714, 717-18 ¶ 13 (Ariz. Ct. App. 2003) (quoting *Nationwide Mut. Ins. Co. v. Ariz. Health Care Cost Containment Sys.*, 803 P.2d 925, 928 (Ariz. Ct. App. 1990)). However, an injured party

accrues a right of action against an insurer upon obtaining judgment against the insured. *Gen. Accident Fire & Life Assurance Corp. v. Clark*, 34 F.2d 833, 834 (9th Cir. 1929) (citing *Smith Stage Co. v. Eckert*, 184 P. 1001 (Ariz. 1919)). The injured party may "collect such judgment by instituting garnishment proceedings against the liability insurer." *Sandoval v. Chenoweth*, 428 P.2d 98, 102 (Ariz. 1967); *cf. W. Cas. & Sur. Co. v. Evans*, 636 P.2d 111, 113-14 (Ariz. Ct. App. 1981) (noting privity between injured party and insurer exists after the entry of judgment); *see also Barfield*, 75 P.3d at 718 n.7 (citing *Sandoval*).

### III. Analysis

#### A. Standing

Because Plaintiffs seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201,[1] Plaintiffs must show they have standing under Article III's case or controversy requirement. *See Societe de Conditionnement*, 655 F.2d at 942.

Chartis first argues that Plaintiffs have no standing because an injured party may not bring a tort claim directly against the tortfeasor's insurer. (Doc. 24 at 5). But Plaintiffs do not allege any elements of a tort. As a result, although Chartis is correct that an injured party does not have a direct cause of action against an insurer absent a "contractual or statutory provision to the contrary," *Barfield*, 75 P.3d at 717-18 ¶ 13, and there is no such provision to the contrary, the cases Chartis cites are distinguishable. (Doc. 24 at 5). *See Nationwide Mut. Ins. Co. v. Ariz. Healthcare Cost Containment Sys.*, 803 P.2d 925, 928 (Ariz. Ct. App. 1990) (restating the general rule); *Associated Aviation Underwriters v. Wood*, 98 P.3d 572, 616 (Ariz. Ct. App. 2004) (same); *Ring v. State Farm Mut. Auto. Ins. Co.*, 708 P.2d 457, 460 (Ariz. Ct. App. 1985) (injured party and judgment creditor could not recover for tort of bad faith against insurer, in excess of the policy limits, absent an assignment of the insured's rights).

---

[1] Although Plaintiffs' complaint seeks relief solely under the Act, *see* (Doc. 1 at 4), Plaintiffs' response cites Arizona's declaratory judgments statute, A.R.S. § 12-1832, (Doc. 26 at 3). Because the Court applies federal procedural law when sitting in diversity jurisdiction, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996), the Arizona statute is inapplicable.

- 4 -

1  Next, Chartis contends that Plaintiffs have no standing to sue on the policy because they lack privity of contract and are not third-party beneficiaries. (Doc. 24 at 6). In Arizona, a claim for breach of contract requires privity. *See Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 190 P.3d 733, 734 ¶ 5 (Ariz. 2008) ("[A]s a general rule only the parties and privies to a contract may enforce it." (citation omitted)). But Plaintiffs' complaint is not a contract action because it does not allege that Chartis breached a contract causing Plaintiffs to suffer damages. Instead, Plaintiffs seek only to enforce their rights as judgment creditors to obtain the amount owed under Chartis' policy. *See* (Doc. 1. at 9-10). Plaintiffs are correct that Arizona recognizes this distinction.[2]

Under Arizona law, Plaintiffs have a direct cause of action: the right to initiate garnishment proceedings against Chartis. "[A]fter recovering a judgment against an insured under a liability policy, the injured third person may collect such judgment by instituting garnishment proceedings against the liability insurer." *Sandoval*, 428 P.2d at 102. Under A.R.S. § 12-1572, a judgment creditor may apply for a writ of garnishment against a judgment debtor "for monies which are not earnings." Adverse legal interests exist between Plaintiffs and Chartis because the outcome of this declaratory judgment action will determine the amount, if any, of Plaintiffs' judgment that Chartis must pay under the terms of its policy, and therefore Chartis' indebtedness to Plaintiffs. *Cf. Univ. Mech. Contractors of Ariz., Inc. v. Puritan Ins. Co.*, 723 P.2d 648, 649-50 (Ariz. 1986) (injured third party obtained a judgment against insured and then filed a writ of garnishment against insurer; the trial court determined the loss was covered under the policy's terms and granted judgment on the writ).

In arguing Plaintiffs have no direct cause of action, Chartis relies heavily upon *Mardian Equipment Company v. St. Paul Fire & Marine Insurance Co.*, 2006 WL

---

[2] However, *Kepner v. W. Fire Ins. Co.*, 509 P.2d 222 (Ariz. 1973), which Plaintiffs cite in their response, (Doc. 26 at 4), does not address this issue. Moreover, although Plaintiffs cite *Reliance* as support for the proposition that privity is not always required, that case involved the special circumstance of breach of an implied warranty in residential building construction. *Reliance*, 190 P.3d at 575 ¶ 1.

- 5 -

2456214 (D. Ariz. Aug. 22, 2006). (Doc. 24 at 6-8). In *Mardian*, the plaintiff, who had rented a piece of subsequently-damaged construction equipment, was not a party to the insurance policy but sued the insurer for a declaratory judgment concerning the insurer's obligations under the policy to replace rather than repair the equipment. 2006 WL 2456214, at *1. Because there was no privity between the plaintiff and the insurer as of the date of the accident and the plaintiff was not a third-party beneficiary of the policy, the court concluded there were no "present adverse legal interests" and the plaintiff lacked standing to bring the declaratory judgment action. *Id.* at *5.

Although the court in *Mardian* did not cite Arizona law in reaching this conclusion, *see id.*, its holding is consistent with the rule that one may not sue on a contract unless privity of contract exists. But Arizona has recognized that this rule applies only to a pre-judgment plaintiff and not to the right of a judgment creditor to bring a garnishment action against the insurer. *See Barfield*, 75 P.3d 714, 717-18 ¶ 13 n.7 ("This holding obviously does not preclude any ability . . . [to] obtain a judgment and then institute a garnishment action . . . to collect that judgment."). For this reason, Chartis' reliance upon *Mardian* and its authorities is misplaced.[3] (Doc. 30 at 3). *See Carlson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F. Supp. 2d 1069, 1073-74 (D. Minn. 2001) (pre-judgment); *Am. Home Assurance Co. v. Liberty Mut. Ins. Co.*, 475 F. Supp. 1169, 1172-73 (E.D. Pa. 1979) (same).

Plaintiffs cite a number of additional cases supporting the distinction between a pre-judgment and post-judgment plaintiff, (Doc. 26 at 4), which Chartis contends are inapposite, (Doc. 30 at 4). These cases support a cause of action against Chartis. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (plaintiff with default judgment against insured had standing to intervene in insured's declaratory

---

[3] The Court notes with disapproval Chartis' intentional failure to cite *Pinnacle Pines Community Association v. Lexington Insurance Co.*, 2013 WL 968203 (D. Ariz. Mar. 12, 2013), which involves virtually identical facts and in which *same* counsel for Chartis moved to dismiss for lack of standing on substantially the same arguments made here. The court denied Chartis' motion. 2013 WL 968203, at *3-4. As *Pinnacle Pines* is as much a reasoned decision of this district as *Mardian*, *Pinnacle Pines* deserved equal attention.

judgment action against his insurer); *W. Cas.*, 636 P.2d at 113-14 (noting entry of judgment against the insured conveyed standing upon the injured party to sue the insurer); *Smith Stage*, 184 P. at 40 (same conclusion, although couched in the language of the policy).

Because Plaintiffs have obtained a judgment against Empire, they may apply for a writ of garnishment against Chartis to the extent Chartis is obligated to pay under its policy. Accepting the allegations in the complaint as true, the parties have adverse legal interests and therefore Plaintiffs have standing to bring this declaratory judgment action.[4]

### B.     Scope of the Policy

Chartis argues that even if Plaintiffs have standing, as a matter of law Plaintiffs cannot recover because Empire's policy excludes coverage of construction defects. (Doc. 24 at 9). The policy generally covers "Property Damage . . . caused by an Occurrence" but excludes coverage for "Property Damage . . . arising out of . . . [a] defect, deficiency, inadequacy or dangerous condition in Your Product or Your Work." (Doc. 1-1 at 197, 199). The definition of "Occurrence" includes "an accident, including continuous or repeated exposure to conditions, which results in . . . Property Damage neither expected nor intended from the standpoint of the Insured." (*Id.* at 197). The definition of "Your Work" excludes real property, (*id.* at 198), and the policy limits the exception for "Property Damage to Your Work" if "the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." (*Id.* at 199). Plaintiffs' complaint alleges that the policy covers the defects in question, (Doc. 1 at 9), and Plaintiffs allege in their response that subcontractors performed most of the work on their homes, thus removing their claims from the scope of the exclusion. (Doc. 26 at 6).

Chartis cites two cases for the proposition that its policy must be interpreted as excluding construction defects. (Doc. 24 at 9-10); (Doc. 30 at 7). In the first case, *Burlington Insurance Co. v. Oceanic Design & Construction, Inc.*, 383 F.3d 940, 943

---

[4] The Court need not consider Chartis' arguments regarding Plaintiffs' stipulations with the bankruptcy trustee because Plaintiffs do not contest that those stipulations could not confer standing. *See* (Doc. 24 at 8); (Doc. 26).

(9th Cir. 2004), the court concluded that under *Hawaii law*, an "occurrence" under a policy did not include the reasonably foreseeable intentional acts of the insured. Because Hawaii law is not at issue in this case, *Burlington* is inapposite. Chartis contends that the second case, *United States Fidelity & Guaranty Corp. v. Advance Roofing & Supply Co.*, 788 P.2d 1227 (Ariz. Ct. App. 1989), holds that construction defects are always excluded from the definition of "occurrence" in this type of policy. In *United States Fidelity*, the court held that "mere faulty workmanship, standing alone, cannot constitute an occurrence as defined in the policy, nor would the cost of repairing the defect constitute property damages." 788 P.3d at 1233. But this conclusion necessarily involved a fact-intensive examination of the terms of the policy and the particular property damage at issue. *See, e.g.*, *Univ. Mech.*, 723 P.2d at 651-52 (applying the facts of the property damage to the policy's definition of "occurrence" and concluding coverage existed). It would be premature for the Court to state as a matter of law that the policy excludes construction defects without having considered all of the necessary facts.

The Court cannot determine solely from the complaint and its attachments the nature of the property damages giving rise to Plaintiffs' judgment, and whether subcontractors performed work on Plaintiffs' homes is a question that also cannot be resolved on this record. Because for purposes of deciding a motion to dismiss the Court must accept the facts alleged in the complaint as true and "construe them in the light most favorable to the non-moving party," *Daniels-Hall*, 629 F.3d at 998, the Court finds that Plaintiffs state a plausible claim that their judgment is covered under the policy.

**C.    SIR Limits**

Finally, Chartis alleges Plaintiffs have no right to recover under the policy because the policy required a $1 million self-insured retention ("SIR") by Empire and Plaintiffs cannot possibly exceed the SIR level necessary to trigger Chartis' liability. (Doc. 24 at 10-11); (Doc. 30 at 6). Chartis attempts to show that its share of Plaintiffs' judgment cannot exceed $1 million and computes $748,779.10 as its maximum liability. (Doc. 24 at 11-12 & n.8). But Chartis' calculation relies upon a number of factual assumptions

1 unsupported by the record, such as the timing of the construction defects and the
2 mechanism for allocating loss among Empire's insurers. *See* (Doc. 24 at 11-12 & n.8).
3 Because the Court views the facts in the light most favorable to Plaintiffs, Chartis'
4 argument is inappropriate.

5 As Plaintiffs highlight, the policy's terms provide for Chartis' policy to "continue
6 in force as underlying insurance" if the "Retained Limits" in the policy are exhausted by
7 payment of other claims "that would be insured by our policy." (Doc. 1-1 at 222); (Doc.
8 26 at 7). Because Plaintiffs allege in their complaint that the underlying insurance is
9 exhausted, (Doc. 1 at 6-7), the policy's coverage depends upon the facts of other policies
10 not in the pleadings, and Plaintiffs' judgment exceeds $1 million, Plaintiffs have alleged
11 a plausible claim that Chartis is liable on the judgment.

12 **IV. Conclusion**

13 For the foregoing reasons,

14 **IT IS ORDERED** denying Defendant Chartis Specialty Insurance Company f/k/a/
15 American International Specialty Lines Insurance Company's Motion to Dismiss
16 Plaintiffs' Complaint (Doc. 24).

17 Dated this 26th day of November, 2013.

James A. Teilborg
Senior United States District Judge